United State District Court
For the
District of Massachusetts

John Cassidy, Plaintiff                                            Case #_____

v.

Maura Healey, Attorney General For the State of Massachusetts     Jury Trial - No

## COMPLAINT FOR A CIVIL CASE

**I.  Parties to Complaint**

A. The Plaintiff

> John Cassidy
> Jcassidy84@gmail.com
> 11950 Spring Cypress Rd #132
> Tomball, Texas 77377
> (713)425-9103

B. The Defendant

> Maura Healey, Attorney General of Massachusetts
> 1 Ashburton Place
> Boston, MA 02108
> (617)-727-2200

**II.  Basis for Jurisdiction**

Federal Question of Law

Second Amendment to The U.S. Constitution;

Fourteenth Amendment to The U.S. Constitution;

Privileges and Immunities Clause, Article I, section 2, clause 1

**III.  Statement of Claim**

1. Plaintiff, John Cassidy seeks to exercise his rights as a federal citizen in regards to The Second and Fourteenth Amendments to The United States Constitution and The Privilege and Immunities Clause of The United States of America. Plaintiff has been convicted and had his convictions affirmed by Massachusetts Supreme Judicial Court. Plaintiff was convicted of in-home possession of legally purchased firearm. In lieu of charges and later convictions Plaintiff had the ability to actually obtain state licenses but reasonableness was ignored by the state's attorneys. That is, Plaintiff is not challenging Massachusetts's ability to license firearm possession. Plaintiff is specifically challenging

John Cassidy, Plaintiff                                                                           Case #_____
v.
Maura Healey, Attorney General For the State of Massachusetts                     Jury Trial - No

an over-broad licensing scheme and the vested power in a state attorney's ability to prosecute an unpopular crime: private INHOME possession/ownership of firearms.

When a non-felon, non-drug addicted, non-mentally ill United States Citizen moves to a sister-state that citizen does not 'lose' their Second Amendment Right, they in fact lose no Constitutional guarantees at all. To do so would be getting several of our country's most precious freedoms exactly backwards, and would be at odds with what a natural right is. In the most liberal reading of a right to bear arms by a qualified individual and *Heller/McDonald's* progeny, one must be allowed to register his lawfully purchased arms, in accordance with, grandfathered in, be exempt, or reciprocity between sister states. To punish, imprison, and ban a lifetime constitutional guarantee by a qualified individual who meets exemptions, has prior safety courses, has legal ability to acquire local license, and at all times kept firearms inside their home for all lawful purposes is a clear violation of federal law. There is no reasonableness and said licensing scheme vests too much power in a state's attorney and is overbroad.

Plaintiff could have never complied with Massachusetts's licensing scheme for 'large capacity weapons' as a new resident. It is impossible to comply as a new resident. Moreover, there is no 'blanket' grace period covering all legally purchased arms by those moving to the state exercising their constitutional right to bear arms inside their home as qualified citizens of The United States. The state's licensing scheme does not allow a grace period for new residents who lawfully own what the state has secondarily defined in their licensing scheme as 'large capacity,' or 'assault weapon,' since 1998. Nor does the state recognize any out of state safety courses, licenses, or allow for in home

John Cassidy, Plaintiff                                                          Case #_____
v.
Maura Healey, Attorney General For the State of Massachusetts                    Jury Trial - No

possession of 'large capacity' as an affirmative defense for unlicensed possession. Nor does the state allow for surrendering of 'arms' in lieu of facing felony charges when simple in-home possession is the only crime committed by a new resident.

Furthermore, the state's district attorney has too much vested power to prosecute unpopular crimes such as private ownership of firearms inside one's home, when a qualified non-felon, non-drug addicted new resident moves to the state, unknowingly possesses firearms, devices, and ammo which subject him to mandatory jail time for simple possession inside his home. John Cassidy is sent to state prison; and lifetime disarmed from owning firearms because of the felony convictions due to his lack of a <u>state issued gun license to carry</u> for the arms legally purchased, and kept/owned inside his home as part of his 'move' to Massachusetts from Texas. His actual ability to obtain a license to comply with the law was ignored as well as his right to bear arms and The Second Amendment. Massachusetts's has so reduced the constitutional safeguards and guarantees to "a privilege to own arms" and it is This Court's duty to protect John Cassidy as a citizen of the United States.

Specifically: denying Plaintiff's (1) right to bear arms inside his home, (2) his equal protection rights, and (3) Plaintiff's rights to be treated as a welcomed visitor not an unwanted alien afforded to him by the U.S. Constitution has resulted in ongoing constitutional violations for almost eight years by The State of Massachusetts. Twenty six months Plaintiff spent in state prison. For these reasons Plaintiff now files this suit in The Federal District Court of Massachusetts as he has exhausted his state remedies due to Massachusetts's reluctance to respect the United States Supreme Court's holdings in

*Heller* and *McDonald* to a non-felon, possessing non-automatic firearms inside his home, notwithstanding his new residency, exemptions, safety classes, reasonableness, qualifications, and actual ability to acquire the state license.

These convictions have had multiple effects on his life, they have required him to give up his office as a Texas State Public Notary, the convictions resulted in an expulsion from Law School, his sole purpose for being in Massachusetts, the convictions have resulted in him losing his job in 2015, the convictions limit Plaintiff's abilities to obtain housing in Texas, the convictions have made it extremely difficult to apply and qualify for jobs, and the convictions have led to extreme financial hardships, emotional and physical stress resulting from being sent to prison post-conviction, and the ongoing negative stress and social treatment from being a convicted felon.

IV. **Relief Sought**

Plaintiff seeks overturning of his seven felony convictions and $1,527,263.19 Plaintiff derives the monetary compensation as follows:

| | |
|---|---|
| Repayment of Student Loans taken out for one year of Law School in Massachusetts | $ 80,560.45 |
| Payment for lost wages of 26 month prison sentence which caused Plaintiff job loss | $184,702.74 |
| Payment for lost wages for six year salary at average attorney salary | $378,000.00 |
| Pain, suffering, physical and emotional distress caused by state prison sentence | $650,000.00 |
| Per day unlawful restraint for 26 month prison sentence at $300/day | $234,000.00 |

Plaintiff also seeks all other relief to which he is entitled to at law or in equity. Plaintiff has attached to this complaint his Law School loan payment and balance ledger which details the sum of requested amount; as well as three pay stubs from the company employing him prior to his state jail sentence in 2015. Plaintiff was a full time employee, Plaintiff took the gross pay of

| | |
|---|---|
| John Cassidy, Plaintiff | Case #_____ |
| v. | |
| Maura Healey, Attorney General For the State of Massachusetts | Jury Trial - No |

all three for an average and then multiplied by fifty eight, which is the number of pay checks missed due to his job loss resulting from the state jail sentence.

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) is honest and correct to best of Plaintiff's knowledge and (5) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 6/1/18

Signature of Plaintiff: _____

Printed Name of Plaintiff: John Cassidy

Respectfully Submitted,

John Cassidy

Jcassidy84@gmail.com

United State District Court
For the
District of Massachusetts

John Cassidy, Plaintiff         Case #_____
v.
Maura Healey, Attorney General For the State of Massachusetts         Jury Trial - No

## STATEMENT OF THE CASE/PRIOR PROCEEDINGS

1) In March 2011 Appellant John Cassidy was indicted for illegally possessing firearms, devices, and ammo inside his home.

2) In March 2011 John was held without bail due to a dangerous hearing post-arrest for said alleged crimes.

3) On or around April 1, 2011 John appealed and won his dangerous hearing. Honorable Judge Thomas McGuire released John on zero dollars bail via a twelve page opinion.

4) On March 10, 2015 John was found guilty of seven felonies. One violation of Ch. 140§131M, five violations of Ch.269§10(m), and one violation of Ch. 269§10(h). Felony convictions prevent John from ever exercising his Second Amendment right for the rest of his life due to him being a convicted felon now via these seven convictions.

5) Late July 2015 John filed a lawsuit in The First Circuit seeking injunctive release in form of court order ordering his release. Civil Docket No. 1:15-cv-12932-rgs.

6) Mid-August Honorable Judge Sterns's order ordered John to show just cause to be in federal court or exhaust state remedies first, and then file federal habeas corpus.

7) John filed motion to dismiss suit without prejudice in order to exhaust state remedies.

8) Around 8/23 John filed Rule 30(a) with trial Judge Cosgrove in Fall River Superior Court in Massachusetts.

9) 11/10/15 John sent letter to SJC of Massachusetts seeking direct review of his R30(a) motion or transfer vase via SJC's superintendence powers.

10) On 12/19 SJC responded stating application for direct appellate review is docketed, SJ2015-0524.

11) On or around 1/16/16 John sent letter to SJC requesting ex parte review and granting of R30(a) that has been in court's possession for around sixty days OR timely review and grant newly filed motion to stay sentence, motion to stay sentence filed simultaneously with letter on 1/16/16 with affidavits and John's licensing exemptions and gun safety course certifications meeting Massachusetts's licensing requirements.

12) On or around 1/18/16 John Cassidy's R30(a) was denied by Honorable Judge Cosgrove.

13) At or around 2/2/16 John forwarded trial Judge's denial to SJC.

John Cassidy, Plaintiff                                                                                            Case #_____
v.
Maura Healey, Attorney General For the State of Massachusetts                          Jury Trial - No

14) On 2/23/16 John received SJC Clerk's notice and order denying his release request and denying his R30(a) on all counts. Stating, "where an adequate appellate remedy exists, This Court will not exercise the extraordinary power provided for in C.211§3."

15) On or around 4/2016 John filed his direct appeal along with a newly filed motion to stay sentence.

16) Late 4/2016 John's motion to stay sentence was denied.

17) June 2016 Appellant submitted his third filing in compliance with rules referenced in Clerk's 6/3/16 letter.

18) March 2017 Appeals Court denied Appellant's appeal. 2017 Mass. App. Unpub. LEXIS 218.

19) March 2017 Appellant filed for further appellate review to The Massachusetts Supreme Judicial Court.

20) June 2017 further appellate review granted by SJC, SJC#12350. All filings available on court's website.

21) January 2018 Oral arguments held in front of five justices of The Supreme Judicial Court of Massachusetts.

22) May 2018 SJC of Massachusetts affirmed all seven felony gun possession convictions and issued twenty-six page opinion.

Signed under pains and penalty of perjury by _____

Dated  6/1/18

Respectfully Submitted,

John Cassidy
11950 Spring Cypress Rd #132
Tomball, Texas 77377
Jcassidy84@gmail.com

2